**ST. LOUIS BARGE FLEETING SERVICE, INC., a Corporation, Appellant,**

v.

**CONSOLIDATED BARGE COMPANY, a Corporation, Appellee.**

No. 17943.

United States Court of Appeals Eighth Circuit.

Oct. 27, 1965.

Ewald & Boecker, St. Louis, Mo., for appellant.

Patrick O. Boyle, of Lucas & Murphy, St. Louis, Mo., for appellee.

Before MATTHES and GIBSON, Circuit Judges, and LARSON, District Judge.

LARSON, District Judge.

Appellee, Consolidated Barge Company, instituted this action in admiralty against appellant, St. Louis Barge Fleeting Service, to recover for damage to its barge, MERRY NO. 2. The District Court made findings of fact that the barge was placed in appellant's custody and control, in an undamaged condition, pursuant to a contract with appellee's agents. It further found that the barge sustained damage when it broke away from appellant's fleet in the St. Louis harbor. Concluding that a bailment existed, the court held that appellant failed to overcome the presumption of negligence on its part. Although appellant introduced no evidence at the trial, it now contends that the proof is insufficient to sustain the findings and conclusions of the trial court.

Appellant makes a number of arguments, but its principal contention is that it was not a bailee. It asserts there was no evidence of a contract between it and appellee and that the barge was not in its exclusive possession, care, and control.

The Sparks-Waters-Farnen Company handled appellee's barges in the St. Louis area. The evidence, (1) an invoice from appellant to the Sparks Company in which the latter is billed for fleeting the barge, (2) answers to interrogatories by the President of appellant in which he admitted billing for services to the barge in December, 1960, and (3) a letter to appellee from appellant's counsel in which he states that the barge was "tied up" in appellant's fleet, demonstrates that there was a contract of bailment and that the

barge was in the care, custody, and control of appellant when it broke loose.

The record lends some support to appellant's contention that the barge was not free from damage when delivered to the fleet. Mr. William McCune, a member of the crew which surveyed the barge, testified that he noted both "old" and "new" damage. Nonetheless, the court's finding that the barge was delivered in an undamaged condition can be construed to refer to the absence of any recent damage.

Appellant makes a number of other arguments which need not be discussed. We have studied the testimony and exhibits in this case and find no basis for setting aside the court's findings of fact. The challenged findings are not clearly erroneous, and they give adequate support to the conclusions of law.

The judgment appealed from is affirmed.